UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-14-3153 - SJO (AS) | Date | June 17, 2014 |
|---|---|---|---|
| Title | Gary Taylor, Petitioner v. Ron Davis, Warden, Respondent | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

    On April 16, 2014, Gary Taylor ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1).[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has screened the Petition in this matter.

    On May 2, 2014, the Court issued an order finding that: (1) Petitioner's conviction became final on Jule 1, 2009; (2) the window for Petitioner to file his Petition thus ran from July 2, 2009 to July 1, 2010, pursuant to 28 U.S.C. § 2244(d)(1); and (3) Petitioner was not entitled to any statutory or gap tolling during the pendency of any of his habeas petitions filed in the California Courts (Docket Entry No. 3). Thus, the Court concluded that the instant Petition, constructively filed on April 16, 2014, was untimely by over three years. Rather than dismiss the Petition, the Court afforded Petitioner an opportunity to address the timeliness of his Petition and explain how his Petition is timely under either statute, 28 U.S.C. § 2244(d)(1), or that he is entitled to equitable tolling of his Petition, pursuant to Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).[2]

---

[1] The Petition is signed and dated April 16, 2014, but was filed with the Clerk of the Court on April 24, 2014. A federal habeas petition is constructively filed on the date on which a prisoner presents the pleading to prison officials for mailing. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002). The Court shall assume for the purposes of this Report and Recommendation that Petitioner provided his Petition to prison officials to mail on the date that it was signed.

[2] On June 11, 2014, Petitioner filed a "Motion to Submit Declarations," which the Court will construe as a Response to its May 2, 2014 Order (Docket Entry No. 7). The Court has reviewed the Response as well as the entire docket history in this matter. Until the Court settles the question of whether it has subject matter jurisdiction to consider the Petition, the Court will reserve judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-14-3153 - SJO (AS) | Date | June 17, 2014 |
|---|---|---|---|
| Title | Gary Taylor, Petitioner v. Ron Davis, Warden, Respondent | | |

On June 16, 2014, Respondent filed a "Response to Court's Order of May 2, 2014" ("Response"), wherein, inter alia, Respondent asserted that this Court is without subject matter jurisdiction to consider the Petition because the Petition challenges the trial court's imposition of a restitution order, and because of his trial counsel's purported failure to prevent imposition of the restitution order (Docket Entry No. 8).[3] See Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

Therefore:

1. Petitioner is **ORDERED TO SHOW CAUSE** why this Court should not dismiss this Petition for lack of subject matter jurisdiction. If Petitioner wishes to pursue this action, he must file a Supplemental Statement (not to exceed ten pages excluding exhibits and declarations) no later than July 17, 2014, specifically asserting his arguments for why the Court has subject matter jurisdiction over the Petition.

2. No further filing is required from Respondent until and unless the Court so orders.

**Petitioner is expressly warned that failure to timely comply with this ORDER may result in a recommendation that this action be dismissed with prejudice for lack of subject matter jurisdiction. See 28 U.S.C. § 2254(a).**

---

merits of Petitioner's Response.

[3] In accordance with the Court's May 2, 2014 Order, Respondent also filed lodged "documents necessary to evaluate whether the instant Petition is timely, exhausted, or successive" (Docket Entry No. 9).