1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11  GARY TAYLOR,                                  ) No. CV14-3153-SJO (AS)
                                                  )
12                         Petitioner,            ) **ORDER DISMISSING ACTION FOR**
                  v.                              )
13                                                )
    RON DAVIS, Warden,                            ) **LACK OF SUBJECT MATTER**
14                                                )
                         Respondent.              ) **JURISDICTION**
15                                                )
                                                  )
16

17                                  **I.**

18                            **INTRODUCTION**

19

20      On April 24, 2014, Petitioner Gary Taylor ("Petitioner"), a

21  California state prisoner proceeding *pro se*, filed a Petition for

22  Writ of Habeas Corpus by a Person in State Custody, pursuant to 28

23  U.S.C. § 2254 (Docket Entry No. 1).  On June 17, 2014, the Court

24  issued an Order To Show Cause ("OSC") that required Petitioner to

25  file a Supplemental Statement explaining why the action should not be

26  dismissed for lack of subject matter jurisdiction (Docket Entry No.

27  10).  On July 8, 2014, Petitioner filed a Supplemental Statement

28  (Docket Entry No. 11).  After reviewing the Petition and the

1

1  Supplemental Statement, the Court has decided to DISMISS the action

2  without prejudice for lack of subject matter jurisdiction.

3

4                                **II.**

5                             **BACKGROUND**

6

7      On March 23, 2009, Petitioner pleaded guilty to one count of

8  continuous sexual abuse, in violation of California Penal Code

9  ("P.C.") § 288.5(a), and three counts of committing a lewd act upon a

10  child, in violation of P.C. § 288(a).  (See Lodgment 1, at 1.)  On

11  May 1, 2009, the Ventura County Superior Court sentenced Petitioner

12  to twenty-two years in state prison.  (See id.)  The court also

13  ordered Petitioner to pay $158,760 in restitution, which would be

14  allocated accordingly: (1) $90,720 was to be paid to Hannah T. (one

15  of Petitioner's victims), and (2) $68,040 was to be paid to Terri

16  Taylor (Hannah T.'s mother and Petitioner's ex-wife).[1]  (See id. at

17  2; Pet. 11.)  Petitioner did not appeal the trial court's judgment.[2]

18

19      On May 18, 2012, Petitioner filed a state habeas petition in the

20  California Court of Appeal, (see Lodgment 2), which was denied on

21

22

23      [1]  The trial court imposed other financial obligations upon
   Petitioner.  (See Lodgment 1, at 2.)  The Petition does not appear to
24  challenge these obligations.  (See Pet. 1–27.)

25
      [2]  The Court takes judicial notice of state court records that
26  are available on the California Courts' website at
   http://appellatecases.courtinfo.ca.gov (last visited Sept. 8, 2014).
27  The website shows no record of any direct appeals of the trial
   court's judgment.
28

1   July 9, 2012.[3]  (See Lodgment 4.)  On May 24, 2013, Petitioner filed

2   another petition in the California Court of Appeal, (see Lodgment 5),

3   which was denied on June 18, 2013.  (See Lodgment 6.)  On July 30,

4   2013, Petitioner filed a state habeas petition in the California

5   Supreme Court, (see Lodgment 7), which was denied on October 16,

6   2013.  (See Lodgment 8.)

7

8       On April 24, 2014, Petitioner filed the instant Petition.

9

10                               **III.**

11                      **PETITIONER'S CONTENTIONS**

12

13       The Petition raises three grounds for habeas relief:

14

15       1. Ground One: The trial court's imposition of $158,760 in

16          restitution violates the Cruel and Unusual Punishments

17          Clause of the Eighth Amendment.

18       2. Ground Two: The restitution order violates the Due

19          Process Clause of the Fourteenth Amendment[4] because it is

20          "arbitrary and capricious[.]"

21

22

23       [3] The California Courts' website provides the date on which the

24   California Court of Appeal rejected this petition.

25       [4] Although Petitioner actually cites the Fifth Amendment in
     support of this claim, (see Pet. 7–8), the Fourteenth Amendment would
26   likely govern this ground for habeas relief.  Compare U.S. CONST.
     amend. V ("No person shall . . . be deprived of life, liberty, or
27   property, without due process of law[.]"), with U.S. CONST. amend.
     XIV, § 1 (emphasis added) ("*No State* shall . . . deprive any person
28   of life, liberty, or property, without due process of law[.]").

1          3. Ground Three: Petitioner's counsel rendered ineffective

2              assistance by failing to raise certain objections at the

3              restitution hearing.

4

5    (See Pet. 7–8, 11–27.)

6

7                                    **IV.**

8                                **DISCUSSION**

9

10        Title 28 U.S.C. § 2254(a) provides that:

11

12        The Supreme Court, a Justice thereof, a circuit judge, or a
          district court shall entertain an application for a writ of
13        habeas corpus in behalf of a person in custody pursuant to
          the judgment of a State court *only on the ground that he is*
14        *in custody in violation of the Constitution or laws or*
          *treaties of the United States.*
15

16

17   28 U.S.C. § 2254(a) (emphasis added).

18

19        The requirement that a habeas petitioner be "in custody in

20   violation of [federal law]" is "jurisdictional." See Bailey v. Hill,

21   599 F.3d 976, 978 (9th Cir. 2010); cf. Williamson v. Gregoire, 151

22   F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)'s

23   requirement that a habeas petitioner be "in custody in violation of

24   the Constitution or laws or treaties of the United States" is

25   jurisdictional). "The plain meaning of the text of § 2254(a) makes

26   clear that physical custody alone is insufficient to confer

27   jurisdiction." See Bailey, 599 F.3d at 980. Rather, "[it]

28   explicitly requires a nexus between *the petitioner's claim* and the

                                      4

1  unlawful nature of the custody."   See id. (emphasis added) (citing

2  Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).)   If the

3  remedy sought is merely "the elimination or alteration" of a

4  petitioner's restitutionary obligation, then there is no such nexus

5  between the habeas claim and the petitioner's purportedly unlawful

6  custody.   See id. at 981; see also Washington v. Smith, 564 F.3d

7  1350, 1350–51 (7th Cir. 2009) (holding that a petitioner did not

8  satisfy the "in custody" requirement because, even if he prevailed on

9  his ineffective assistance claim, "the only possible benefit [would]

10 be a lower payment to his victim"), quoted with approval in Bailey,

11 599 F.3d at 981–82.   In such a case, the action must be dismissed for

12 lack of subject matter jurisdiction.   See Bailey, 599 F.3d at 984.

13

14 　Here, Petitioner's cruel and usual punishment, due process, and

15 ineffective assistance of trial counsel claims each challenge *only*

16 the $158,760 restitution order.  (See Pet. 7–8, 11–27.)  Nonetheless,

17 Petitioner claims that he is not directly contesting the imposition

18 of restitution, but is merely attacking "the trial court[']s abuse of

19 authority and the prosecutor['s] misconduct[,]"[5] which stem from

20 their failure "to accept that [P]etitioner has already paid the

21 imposed restitution."   (See Supplemental Statement 3.)   Petitioner

22 also claims that his attorney rendered constitutionally deficient

23 assistance by failing to argue to the trial court that Petitioner

24 previously satisfied that financial obligation.   (See id. at 4.)

25 However, even if Petitioner prevailed on these claims, he would *not*

26 obtain early release from custody; instead, he would be entitled to

27

28   　[5] Petitioner did not explicitly raise a prosecutorial misconduct
claim in the instant Petition.  (See Pet. 1–27.)

1  only "the elimination or alteration of a money judgment" (and perhaps

2  the return of funds already paid).   See Bailey, 599 F.3d at 981.

3  Thus, the "nexus" between these claims and illegal custody is

4  lacking.  See id.  Put differently, the legal theories on which his

5  claims rely are irrelevant — the only relevant consideration is

6  whether his claims would impair the validity of the custodial

7  sentence.  See id. at 978, 984 (affirming dismissal of ineffective

8  assistance claim for lack of subject matter jurisdiction);

9  Washington, 564 F.3d at 1351.  Because these claims do not affect the

10  legality of Petitioner's confinement, this Court lacks subject matter

11  jurisdiction over the action.[6]  See Bailey, 599 F.3d at 984.

12  / /

13  / /

14  / /

15  / /

16  / /

17  / /

18  / /

19  / /

20

21  [6] Petitioner also cites California law in support of his request
for habeas relief.  (See Pet. 12–17, 22–24.)  Because all of these

22  apparent state law claims challenge only the restitution order, they
too fail to satisfy the "in custody" requirement. (See, e.g., id. at

23  12 ("[A]s PC 1202.4 directs, future restitution should not be
determined before hand [sic] but rather the court retains

24  jurisdiction over restitution issues which allows the victim to come

25  back to the court and prove further costs/losses that are tied to the
defendant's criminal conduct.").)   Furthermore, even if the Court

26  otherwise had jurisdiction over these claims, they would not be
cognizable on habeas review.  See Estelle v. McGuire, 502 U.S. 62,

27  67–68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))

28  (internal quotation marks omitted) ("[F]ederal habeas corpus relief
does not lie for errors of state law.").

1

**V.**

2

**ORDER**

3

4        IT IS ORDERED that: (1) the Petition is DENIED, and (2) the

5    action is DISMISSED without prejudice.

6

7

8    Dated: September 9, 2014

9                                    _____
                                        S. JAMES OTERO
10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28